**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Ayon, | No. CV 10-1282-PHX-MHM (MEA) |
|     Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
|     Defendant. | |

Plaintiff Russell Ayon, who is confined in the Maricopa County Tent City Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #4). The Court will order Defendant Arpaio to answer the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $20.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

In his three-count Complaint, Plaintiff sues Defendant Maricopa County Sheriff Joseph Arpaio. In each Count, Plaintiff alleges a violation of his Fifth, Eighth, and Fourteenth Amendment rights. In his Request for Relief, Plaintiff seeks injunctive relief and monetary damages.

1       In Count One, Plaintiff alleges that Defendant Arpaio deliberately feeds Plaintiff only two meals per day to cause Plaintiff pain and suffering, Plaintiff does not get enough to eat, and Defendant Arpaio makes the food "as rotten as possible."

In Count Two, Plaintiff contends that Defendant Arpaio has deliberately placed Plaintiff in overcrowded intake and holding areas. Plaintiff asserts that the cells were dirty; no cleaning supples, soap, or toilet paper was provided; there was vomit on the floor of the intake area; and he was held in the intake area for a day but he was only given 45 minutes to rest on a mat and only received one meal, which consisted of an orange, two tablespoons of peanut butter, and two hotdog buns. Plaintiff also claims that the cells were so overcrowded that the inmates could not sit on the floor and "squish[ed] each other."

In Count Three, Plaintiff alleges that Defendant Arpaio deliberately allows his staff to house Plaintiff in a condemned facility where the plumbing is leaking and the water is contaminated with lead. Plaintiff alleges that twice daily cleanings are insufficient to keep the bathroom sanitized due to the number of men in the pod. He also claims that there are only enough seats for 30 of the 64 men to sit while eating and that Defendant Arpaio's staff routinely left food outside and unattended, "with stray cats, rats and roaches a common sight."

Liberally construed, Plaintiff has stated Fourteenth Amendment deliberate indifference claims against Defendant Arpaio in Counts One, Two, and Three of the Complaint. The Court will require Defendant Arpaio to answer the Complaint.

**IV.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

. . . .

. . . .

1   **B.**   **Address Changes**

2   Plaintiff must file and serve a notice of a change of address in accordance with Rule
3 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
4 relief with a notice of change of address. Failure to comply may result in dismissal of this
5 action.

6   **C.**   **Copies**

7   Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy
8 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
9 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
10 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
11 may result in the filing being stricken without further notice to Plaintiff.

12   **D.**   **Possible Dismissal**

13   If Plaintiff fails to timely comply with every provision of this Order, including these
14 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
15 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
16 comply with any order of the Court).

17 **IT IS ORDERED:**

18   (1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc #4) is **granted**.

19   (2)   As required by the accompanying Order to the appropriate government agency,
20 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $20.00

21   (3)   The Clerk of Court must send Plaintiff a service packet including the
22 Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
23 Defendant Arpaio.

24   (4)   Plaintiff must complete and return the service packet to the Clerk of Court
25 within 21 days of the date of filing of this Order. The United States Marshal will not provide
26 service of process if Plaintiff fails to comply with this Order.

27   (5)   If Plaintiff does not either obtain a waiver of service of the summons or
28 complete service of the Summons and Complaint on Defendant within 120 days of the filing

of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

1     (10) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 1st day of July, 2010.

_____
Mary H. Murguia
United States District Judge